UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------x
Charles C. HOWLAND,

                Plaintiff,

  -against-                            MEMORANDUM AND ORDER
                                      07 - CV - 2332

Eric E. RESTEINER, et al.,

                Defendants.

-------------------------------------------------x

GLASSER, United States Senior District Judge:

      In this civil action alleging a single cause of action against three defendants, including Dr. Keith Mitchell, the current prime minister of Grenada, and Dr. Mitchell's wife Marietta Mitchell, the Government has submitted a Suggestion of Immunity asserting head-of-state immunity from this Court's jurisdiction on behalf of Prime Minister Mitchell. The plaintiff concedes that Dr. Mitchell is entitled to immunity and consents to the dismissal of his claims against both Dr. and Mrs. Mitchell, but asks that such dismissal be without prejudice so that he may revive his claims at some point in the future when Dr. Mitchell is no longer the head of a sovereign state. The defendants oppose this request, arguing that dismissal should be with prejudice.

      The essential legal question on which the parties disagree is whether head-of-state immunity applies to former heads of state for actions taken while in office. In support of their argument that immunity does apply to former heads of state, the defendants rely on two opinions of the United States District Court for the Northern District of Illinois: <u>Plaintiffs A, B, C, D, E, F v. Jiang Zemin</u>, 282 F. Supp. 2d 875 (N.D.

1

Ill. 2003); and <u>Abiola v. Abubakar</u>, 267 F. Supp. 2d 907 (N.D. Ill. 2003). Both of those cases hold that head-of-state immunity applies to former as well as present heads of state, but, as the defendants' letter to the Court neglects to mention, they both also acknowledge that the Second Circuit has suggested otherwise in two cases involving civil claims against Ferdinand and Imelda Marcos, the former President and First Lady of the Philippines. <u>Republic of Philippines v. Marcos</u>, 806 F.2d 344, 360 (2d Cir. 1986), involved an action by the Philippine government against the Marcoses and several of their purported associates regarding five properties located in New York of which the Marcoses were allegedly the beneficial owners. The Philippine government asserted that the properties were purchased using public assets while Marcos was in office and were therefore the property of the Republic of the Philippines and not the private property of the Marcoses or of the corporations that nominally held title to them. The district court entered a preliminary injunction prohibiting the sale or transfer of the properties pending the outcome of the litigation, and the corporations identified as the legal owners of the properties at issue appealed.[1] On appeal, the appellants challenged the preliminary injunction on several grounds, one of which was the assertion that the Marcoses, as former heads of state of the Philippines, were immune from the jurisdiction of the court. The court held that the appellants lacked standing to assert the defense of immunity on behalf of the Marcoses, but went on to note that "even if appellants had standing, we are not at all certain that the immunity of a foreign state, though it extends to its head of state, goes so far as to render a former head of state

---

[1] Complicating the factual situation in <u>Marcos</u> was the fact that the Marcoses and their alleged associates, though named as defendants, did not appear in the litigation before the district court or take part in the appeal. <u>Id.</u> at 347.

immune as regards his private acts," further noting that "[t]he rationale underlying sovereign immunity— avoiding embarrassment to our government and showing respect for a foreign state— may well be absent when the individual is no longer head of state and the current government is suing him." Id. at 360. (citation omitted). The Second Circuit repeated that dicta in In re Doe, 860 F.2d 40 (2d Cir. 1988). That case involved a civil contempt order issued by the United States District Court for the Southern District of New York against the Marcoses, holding them in contempt for refusing to comply with four federal grand jury subpoenas. After the contempt order was initially entered, the Marcoses moved for reconsideration, presenting for the first time their argument that they enjoyed head-of-state immunity from the court's jurisdiction. In opposition to the Marcoses' motion, the government presented a diplomatic note from the Philippine government to the U.S. State Department, which stated in part that "the Government of the Philippines hereby waives any residual sovereign, head of state, or diplomatic immunity that former Philippine President Ferdinand Marcos and his wife Imelda Marcos may enjoy under international and U.S. law. . . by virtue of their former offices in the Government of the Philippines." 860 F.2d at 43. Finding this note to be an effective waiver of any immunity the Marcoses might otherwise have enjoyed as former heads of state, the district court denied their motion. The Marcoses then appealed, again presenting their immunity argument to the Second Circuit. In affirming the contempt order, the Court of Appeals noted its belief that "there is respectable authority for denying head-of-state immunity to a former head-of-state for private or criminal acts in violation of American law," but expressly declined to reach the issue, finding that any claim to head-of-state immunity to which the Marcoses might have

3

been entitled was effectively waived by the Philippine government's express waiver of immunity. 860 F.2d at 45 (citing Marcos, 806 F.2d at 360; The Schooner Exch. v. McFaddon, 11 U.S. (7 Cranch) 116, 135, 144 (1812)).

While the Second Circuit's dicta in Marcos and Doe is not binding, it is nevertheless more persuasive to this Court than the decisions of the Northern District of Illinois cited by the defendants. Both Jiang Zemin and Abiola distinguish Doe on the ground that its reasoning supports denying head-of-state immunity to former heads of state only as to their private acts, see Jiang Zemin, 282 F. Supp. 2d at 883; Abiola, 267 F. Supp. 2d at 916, but in this case, the Complaint asserts a claim against Dr. and Mrs. Mitchell for acts taken in their private capacities while Dr. Mitchell was in office; thus, even the cases cited by the defendants would arguably find head-of-state immunity lacking when Dr. Mitchell is no longer the active head of the Grenadan government. Moreover, as Doe demonstrates, even if head-of-state immunity does apply to former heads of state, that immunity may be waived at any time either by Dr. Mitchell in his present capacity as the head of state of Grenada or by any subsequent administration that should come into power after Dr. Mitchell's tenure has ended. Although the diplomatic note from the Philippine government to the State Department at issue in Doe recognized a "residual" sovereign immunity enjoyed by the former head of state, which taken alone would suggest that a dismissal with prejudice would be appropriate here, it is important to note that the Philippine government effectively waived that immunity. It would follow, therefore, that a similar waiver asserted by the Government of Grenada depriving Dr. Mitchell of the immunity he might otherwise enjoy after leaving office would permit Mr. Howland to pursue his claims in this action. This Court shall

4

therefore follow the Second Circuit's dicta in Marcos and Doe, and shall dismiss the claims against Dr. and Mrs. Mitchell without prejudice.[2]

## CONCLUSION

For the reasons stated above, the plaintiff's claims against defendants Kevin and Marietta Mitchell are dismissed without prejudice.

SO ORDERED.

Dated:    Brooklyn, New York
          December 5, 2007                    _____/s/_____

                                              I. Leo Glasser
                                              United States Senior District Judge

---

[2] To be clear, this Court cannot hold that head-of-state immunity does or does not apply to former heads of state because that issue is not yet ripe; Dr. Mitchell is the current head of the nation of Grenada and as such there is no doubt that he is entitled to immunity from this Court's jurisdiction at the present time. If the plaintiff renews his claim against the Mitchells at a point in the future when Dr. Mitchell is no longer the Prime Minister of Grenada, the issue will then be ripe and this opinion shall not preclude or estop de novo review of the question whether head-of-state immunity applies to former heads of state against civil actions arising from their private acts while in office. Rather, the above discussion is intended only to illuminate the Court's rationale for dismissing the claims against Dr. Mitchell without prejudice.

5

Copies of the foregoing memorandum and order were electronically sent to:

Counsel for the Plaintiff
Daniel L. Abrams
Law Office of Daniel L. Abrams, PLLC
2 Penn Plaza
Suite 1910
New York, NY 10121

Counsel for Defendants Keith and Marietta Mitchell
Jeh Charles Johnson
Paul Weiss Rifkind Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064

Counsel for Interested Party The United States of America
Eric B. Beckenhauer
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave Nw
Washington, DC 20001